# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| IRAN DEWAYNE KETCHUP, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 4:94-cr-00025-CDL-MSH |
| v. | : | 28 U.S.C. § 2255 |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

_____

## ORDER AND RECOMMENDATION

Pending before the Court is Petitioner Iran Dewayne Ketchup's motion for relief from judgment (ECF No. 127), motion for a writ of mandamus (ECF No. 129), motion to send record (ECF No. 130), motion for sanctions (ECF No. 143), and motion to compel (ECF No. 144). For the hereinbelow reasons, the Court recommends that Petitioner's motion for relief from judgment be denied. Petitioner's motion for a writ of mandamus, motion to send record, motion for sanctions, and motion to compel are denied.

## BACKGROUND

On January 12, 1995, a jury found Petitioner guilty of (1) three counts of Hobbs Act armed robbery in violation of 18 U.S.C. § 1951, (2) three counts of possession of a firearm during a crime of violence in violation of 18 U.S.C. § 1924(c)(1), and (3) one count of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a). Indictment, ECF No. 1; Jury Verdict, ECF No. 20. The Court sentenced Petitioner

to a total of 675 months imprisonment and 36 months supervised release. Judgment, ECF No. 29. The Eleventh Circuit affirmed on appeal. 11th Cir. Mandate, ECF No. 34.

The Court received Petitioner's first *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 35) on February 9, 1998, raising numerous ineffective assistance of counsel claims. The Court denied (ECF No. 45) Petitioner's motion and entered judgment (ECF No. 46). Petitioner appealed (ECF No. 48), and the Eleventh Circuit vacated and remanded (ECF No. 61). On remand, the Court again denied (ECF Nos. 77, 79) Petitioner's motion to vacate, entered judgment (ECF No. 80) on September 10, 2001, and declined to issue a certificate of appealability (ECF No. 84). Petitioner appealed, but the Eleventh Circuit denied Petitioner a certificate of appealability and dismissed his appeal (ECF No. 90). Subsequently, this Court (ECF Nos. 95, 117, 118) and the Eleventh Circuit (ECF Nos. 91, 92, 101, 104, 116) have repeatedly denied Petitioner's attempts to file second or successive motions to vacate.

The Court received Petitioner's pending motion for relief from judgment (ECF No. 127) on August 20, 2020. Respondent responded (ECF No. 141) on June 11, 2021, Petitioner replied (ECF No. 142), and Respondent filed an amended response (ECF No. 145). Petitioner's motion is ripe for review.

## DISCUSSION

The Court recommends that Petitioner's motion for relief from judgment be denied. His motion for a writ of mandamus, motion to send record, motion for sanctions, and motion to compel are denied.

I.      **Motion for Relief from Judgment**

Petitioner moves for relief from the judgment (ECF No. 80) on his first motion to vacate (ECF No. 35) under Federal Rule of Civil Procedure 60(b)(3).[1]  Mot. for Relief from J. 1, ECF No. 127.  Respondent contends he is not entitled to relief.  Resp. to Mot. for Relief from J. 2-7, ECF No. 141; Am. Resp. to Mot. for Relief from J. 3-7, ECF No. 145.[2]

A.      Rule 60(b)(3) and (d)(3) Standard

Federal Rule of Civil Procedure 60(b)(3) provides relief from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Rule 60(d)(3) also provides that a court may "set aside a judgment for fraud on the court."  To establish fraud under Rule 60(b)(3) and (d)(3), "it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (internal quotations and citations omitted).[3]

> "Fraud upon the court" embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the

---

[1] Preliminarily, Petitioner's motion does not constitute a second or successive motion under § 2255 because he "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings[.]"  *Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005); *see also Galatolo v. United States*, 394 F. App'x 670, 671-72 (11th Cir. 2010) (per curiam).

[2] In its amended response, Respondent attached documents relevant to Petitioner's claims after he requested the documents in his motion to compel (ECF No. 144).  Am. Resp. to Mot. for Relief from J. 1-2.  The arguments in Respondent's amended response mirror those in its original response.  *Compare* Resp. to Mot. for Relief from J. 2-7 *with* Am. Resp. to Mot. for Relief from J. 3-7.

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

> court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

*Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (internal quotations, alterations, and citation omitted).  Unlike fraud, misrepresentation under Rule 60(b)(3) does not require a "evil, innocent or careless, purpose." *Bros Inc. v. W.E. Grace Mfg. Co.*, 351 F.2d 208, 211 (5th Cir. 1965); *see United States v. One (1) Douglas A-26B Aircraft*, 662 F.2d 1372, 1374 n.6 (11th Cir. 1981) (recognizing that misrepresentation should not be subsumed under the definition of fraud).

To warrant relief under any ground of Rule 60(b)(3) or (d)(3), "the movant must prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (internal quotations, alterations, and citations omitted).  "The moving party must also demonstrate that the conduct prevented them from fully presenting his case." *Waddell v. Hendry Cnty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000).  As to fraud, the movant must establish "proof that the challenged outcome was actually obtained through—or at least impacted by—the alleged fraud." *Gupta v. U.S. Att'y Gen.*, 556 F. App'x 838, 841 (11th Cir. 2014) (per curiam) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246-47 (1944), *overruled on other grounds by Standard Oil Co. of Cal.*, 429 U.S. 17 (1976)).

    B.    <u>Petitioner's Motion</u>

Petitioner claims the Assistant U.S. Attorney ("AUSA") who responded to his first

motion to vacate "committed fraud on the Court, to compel this Court to act in 2001, and make it extremely easy for this Court to find . . . that [Petitioner] had been denied counsel at a critical stage of the prosecution and that [Petitioner] had been prejudiced at trial." Mot. for Relief from J. 5-8.  Specifically, he asserts the AUSA falsely stated that he did not participate in a corporeal lineup without the presence of counsel. *Id.* at 1-3, 5-8.  Indeed, in response to Petitioner's motion to vacate, the AUSA stated that Petitioner had never participated in a corporeal lineup. Am. Resp. to Mot. for Relief from J. Ex. 3, at 16, ECF No. 145-3.  The trial record, however, shows that Petitioner participated in a corporeal lineup in 1994. *Id.* at 35-37.  Petitioner argues the AUSA's misstatement constitutes fraud under Rule 60(b)(3) and (d)(3), warranting relief from the judgment (ECF No. 80) on his motion to vacate.  Mot. for Relief from J. 1-3, 5-8.

Although Petitioner cites only the fraud provision of Rule 60(b)(3), he may also obtain relief under Rule 60(b)(3) by establishing mere misrepresentation which does not rise to the level of fraud. *See* Fed. R. Civ. P. 60(b)(3); *Bros Inc.*, 351 F.2d at 211; *One (1) Douglas A-26B Aircraft*, 662 F.2d at 1374 n.6; *Scott v. United States*, 81 F. Supp. 3d 1326, 1338-39 (M.D. Fla. 2015) ("Unintentional neglect in failing to comply with discovery requirements, or negligent misrepresentations to the court, can satisfy the requirements of Rule 60(b)(3), and thus the Court may not deny relief under Rule 60(b)(3) only because Petitioner has not shown intentional misconduct."); *see also United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) ("Federal courts . . . have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework. (citation omitted)).  The Court

5

finds that Petitioner is not entitled to relief under either ground.

### 1.    *Misrepresentation*

First, to the extent Petitioner seeks relief from judgment for misrepresentation under Rule 60(b)(3), his motion is untimely.  Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding."  On remand, the Court denied (ECF Nos. 77, 79) Petitioner's first motion to vacate and entered judgment (ECF No. 80) on September 10, 2001.  Petitioner filed his pending motion for relief from judgment on August 18, 2020—nearly nineteen years later.[4]

Rule 60(d)(3) provides that Rule 60—including the limitations period provided by Rule 60(c)—"does not limit a court's power to . . . set aside a judgment for fraud on the court."  *See Gupta v. Walt Disney World Co.*, 482 F. App'x 458, 459 (11th Cir. 2012) (per curiam).  Thus, to the extent Petitioner argues Respondent committed fraud on the court, his claim is not barred by the Rule 60(c)(1) limitations period.  Rule 60(d)(3), however, does not alter the limitations period for claims of misrepresentation under Rule 60(b)(3).  Thus, to the extent Petitioner argues Respondent committed misrepresentation within the meaning of Rule 60(b)(3), his motion should be denied as untimely.  *See, e.g., Gilley v. Monsanto Co., Inc.*, 428 F. App'x 883, 885 (11th Cir. 2011) (per curiam).

---

[4] Although the Court did not receive Petitioner's motion until August 20, 2020, he signed it on August 18, 2020.  Mot. for Relief from J. 9.  "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted).  "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it."  *Id.*

Second, even assuming Petitioner's motion is timely, he is not entitled to relief for misrepresentation under Rule 60(b)(3). Although Respondent admits the AUSA misrepresented facts concerning Petitioner's corporeal lineup, Respondent contends the misrepresentation did not impact the Court's ruling on Petitioner's motion to vacate. Am. Resp. to Mot. for Relief from J. 6-7. Rather, the Court independently assessed the record and found that Petitioner participated in a corporeal lineup. Am. Resp. to Mot. for Relief from J. Ex. 2, at 19, ECF No. 145-2. After acknowledging this lineup, the Court still found that Petitioner was not entitled to relief for both procedural default and on the merits of his ineffective assistance claim concerning the lineup. *Id.*

The Eleventh Circuit has explained that even when a Rule 60(b) movant establishes misrepresentation, where "the misrepresentations . . . were unnecessary to the District Court's finding[,] . . . [the movant] did not show either that the verdict was obtained through misrepresentation or that it was prevented from fully and fairly presenting its case. . . . [T]he sworn statements had no bearing on the outcome of the case." *Olem Shoe Corp. v. Wash. Shoe Corp.*, 591 F. App'x 873, 887 (11th Cir. 2015) (per curiam). Plainly, the AUSA's misrepresentation did not influence the Court's factual finding as to Petitioner's participation in the lineup or its legal conclusions concerning his ineffective assistance claim arising therefrom. *See* Am. Resp. to Mot. for Relief from J. Ex. 2, at 19. Accordingly, because the misrepresentation did not impact the Court's decision or "prevent[] [Petitioner] from fully presenting his case[,]" he is not entitled to relief from judgment under Rule 60(b)(3). *Cox Nuclear Pharmacy, Inc.*, 478 F.3d at 1314; *Waddell*, 329 F.3d at 1309; *Frederick*, 205 F.3d at 1287; *Olem Shoe Corp.*, 591 F. App'x at 887.

7

2.  *Fraud*

To the extent Petitioner argues the AUSA's misstatement of fact constitutes fraud, he is not entitled to relief under Rule 60(b)(3) or (d)(3). First, Petitioner fails to establish any intent to defraud the Court. Respondent asserts the AUSA's misstatement of the record was merely a mistake. Am. Resp. to Mot. for Relief from J. 6. Fraud requires proof of malintent, namely "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Rozier*, 573 F.2d at 1338. "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Booker v. Dugger*, 825 F.2d 281, 284-85 (11th Cir. 1987) (internal quotations and citation omitted). Petitioner alleges the AUSA "fell upon the proverbial sword in an attempt to protect the legacy of the" former district judge who presided over his criminal case. Mot. for Relief from J. 6. Petitioner has not presented any evidence that the AUSA intentionally sought to mislead or defraud the Court. His allegation is conclusory and entirely speculative.

Second, as with misrepresentation, even assuming the AUSA's misstatement of fact could constitute fraud, the misstatement did not affect the Court's analysis of Petitioner's motion to vacate. As explained above, the Court recognized that the AUSA was wrong and affirmatively stated that Petitioner participated in a lineup. *See* Am. Resp. to Mot. for Relief from J. Ex. 2, at 19. The AUSA's mere misstatement of fact does not constitute "fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.

8

*Zakrzewski*, 490 F.3d at 1267; *see, e.g., Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (holding that perjury did not constitute fraud on the court). The Court made an independent factual finding and still held that Petitioner was not entitled to relief under § 2255. Because Petitioner fails to show that the alleged fraudulent misstatement hindered his ability to litigate or affected the Court's order and judgment on his motion to vacate, he is not entitled to relief from judgment for fraud under Rule 60(b)(3) or (d)(3). *See Cox Nuclear Pharmacy, Inc.*, 478 F.3d at 1314; *Waddell*, 329 F.3d at 1309; *Frederick*, 205 F.3d at 1287; *Olem Shoe Corp.*, 591 F. App'x at 887; *Gupta*, 556 F. App'x at 841. The Court **RECOMMENDS** that his motion for relief from judgment be **DENIED**.

## II.     Request for Appointed Counsel

Petitioner also requests appointed counsel. Mot. for Relief from J. 4-5. Defendants are not generally entitled to appointment of counsel for collateral proceedings. *See, e.g., Johnson v. Avery*, 393 U.S. 483, 487 ("In most federal courts, it is the practice to appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial judicial evaluation and the court has determined that issues are presented calling for an evidentiary hearing."). Under Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." A movant seeking relief under 28 U.S.C. § 2255 may be provided counsel if they are financially eligible and "the United States magistrate judge or the court determines that the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2).

Here, no evidentiary hearing is necessary, and the interests of justice do not otherwise require that Petitioner be appointed counsel. As explained above, Respondent has admitted the AUSA misstated the record. Am. Resp. to Mot. for Relief from J. 6-7. Nonetheless, Petitioner fails to show that he is entitled to relief from judgment. Therefore, Petitioner's request for appointed counsel is **DENIED**.

### III. Petitioner's Remaining Motions

Also pending are Petitioner's motion for a writ of mandamus (ECF No. 129), motion to send record (ECF No. 130), motion for sanctions (ECF No. 143), and motion to compel (ECF No. 144). Petitioner's motions are denied.

#### A. Motion for a Writ of Mandamus

In his motion for a writ of mandamus, Petitioner requests that the Court "consider and rule upon Petitioner's motion" for relief from judgment. Mot. for Writ of Mandamus 1-5, ECF No. 129. As explained above, the Court has considered Petitioner's motion for relief from judgment and recommends that it be denied. His motion for a writ of mandamus is **DENIED AS MOOT**.

#### B. Motion to Send Record

In his motion to send record, Petitioner requests that the Court forward the record of this case to the Eleventh Circuit. Mot. to Send Record 1, ECF No. 130. The Court has issued a recommendation on Petitioner's motion for relief from judgment. In the event the district judge adopts this recommendation and denies Petitioner's motion, he may appeal to the Eleventh Circuit. His motion is **DENIED**.

      C.      <u>Motion for Sanctions</u>

In his motion for sanctions, Petitioner argues he is entitled to sanctions under Federal Rule of Civil Procedure 11 because the AUSA erroneously stated that he had not participated in a corporeal lineup. Mot. for Sanctions 3-14, ECF No. 143.

Rule 11(c)(2) permits a party to move for sanctions against an offending party. "The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (internal quotations and citation omitted).

> Rule 11 sanctions are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (internal quotation and citation omitted). "In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous[.]" *Id.* The AUSA's response to Petitioner's motion to vacate does not warrant Rule 11 sanctions. The response contained a brief, isolated misstatement of fact as to one of Petitioner's numerous ineffective assistance of counsel claims, but Respondent ultimately prevailed, as the Court denied Petitioner's motion to vacate as to all claims. Am. Resp. to Mot. for Relief from J. Ex. 2, at 12-22. The misstatement did not affect the Court's ruling. The AUSA misstated the record, but her response was not unreasonable, frivolous, or filed for an improper purpose.

11

Petitioner may also request sanctions under 28 U.S.C. § 1927, which permits sanctions for conduct which "multiplies the proceedings in any case unreasonably and vexatiously." To meet this standard, the party seeking sanctions must establish that "the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (internal quotations and citation omitted). "What is crucial is whether, regardless of the attorney's subjective intentions, the conduct was unreasonable and vexatious when measured against an objective standard." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252 (11th Cir. 2007) (citation omitted). "[N]egligent conduct, standing alone, will not support a finding of bad faith[.]" *Amlong & Amlong*, 500 F.3d at 1241-42.

Additionally, "[c]ourts have the inherent power to police those appearing before them." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (citation omitted). "A court may exercise this power to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* (internal quotations and citations omitted). Like sanctions under § 1927, "[t]he key to unlocking a court's inherent power is a finding of bad faith." *Id.* (citations omitted). "Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." *Id.* at 1225.

The Court finds that the AUSA's misstatement of fact does not warrant sanctions under either § 1927 or the Court's inherent power. Other than the mere fact that the AUSA misstated the record and Petitioner's own conclusory allegations that she did so

12

intentionally, Petitioner presents no evidence of bad faith. The misstatement did not "multipl[y] the proceedings in [the] case." 28 U.S.C. § 1927. The Court recognized the misstatement and still denied Petitioner relief based, in part, on the AUSA's other arguments. Am. Resp. to Mot. for Relief from J. Ex. 2, at 19. Again, aside from an isolated misstatement as to one of Petitioner's claims, the AUSA's response was well-reasoned, and Respondent ultimately prevailed. Petitioner's motion for sanctions is **DENIED**.

### D.   Motion to Compel

In his motion to compel, Petitioner requests an order for Respondent to produce records cited in its response to his motion for relief from judgment. Mot. to Compel 1-5, ECF No. 144. On July 1, 2021, Respondent filed an amended response (ECF No. 145) and attached the relevant records. Petitioner acknowledged that he received the records. Notice of Receipt 1, ECF No. 146. His motion to compel is **DENIED AS MOOT**.

## CONCLUSION

For the foregoing reasons, the Court recommends that Petitioner's motion for relief from judgment (ECF No. 127) be denied. Petitioner's motion for a writ of mandamus (ECF No. 129), motion to send record (ECF No. 130), motion for sanctions (ECF No. 143), and motion to compel (ECF No. 144) are denied. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

Petitioner is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED AND RECOMMENDED**, this 17th day of August, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE